UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHANIEL JAMAR HUDSON,

        Plaintiff,                              FILE NO. 1:06-CV-799

v.                                            HON. ROBERT HOLMES BELL

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action on grounds of immunity and failure to state a claim (docket #6). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #10).

I.

In his complaint, Plaintiff sues the State of Michigan, Michigan Department of Corrections ("MDOC") Director Patricia Caruso, Wayne County Circuit Court Judge Maggie W. Drake, and the following personnel at the Bellamy Creek Correctional Facility ("IBC"): Warden Kenneth McKee, Deputy Warden C. Stoddard, Residential Unit Manager (RUM) E. Hosey, Assistant RUM Lisa L. English, and Corrections Officer D. Angel.

Plaintiff alleges that Defendants Caruso, McKee, Stoddard, Hosey, English, and Angel violated 42 U.S.C. § 1985 when they conspired to deny Plaintiff's First Amendment right to access the courts by enacting and enforcing MDOC Policy Directive 05.03.118(HH)(23) (effective Jan. 1, 2006), which prohibits prisoners from receiving mail regarding possible actions under the Uniform Commercial Code (UCC) which could be used to harass, threaten, and/or file a lien against another individual. (Compl., pp. 1, 4 ¶ 1).[1] Plaintiff further alleges that on March 26, 2006, Defendant Angel "shook down" Plaintiff, confiscated materials pertaining to a UCC lawsuit, refused to return those materials to Plaintiff, and wrote a notice of intent to conduct an administrative hearing. (Compl., p. 4 ¶ 2). He also alleges that, on April 10, 2006, he sent a "flash kite" to Defendant Deputy Warden Stoddard complaining about the confiscation and notifying her that the hearing on the notice of intent did not comply with policy. Stoddard allegedly failed to respond. (Compl., pp. 4-5 ¶ 3). On that same date, Plaintiff filed an administrative grievance. He alleges that Defendant English "falsified" her response to Step I rather than interview Plaintiff, and failed to timely mail a copy of her response to Plaintiff. He further alleges that Defendant Hosey signed off on Defendant English's falsified grievance response rather than correct it. (Compl., p. 5 ¶ 3). Plaintiff contends that Defendant McKee also violated Plaintiff's rights by affirming the administrative responses of Defendants English and Hosey rather than order his subordinates

---

[1] The Policy Directive does not preclude prisoners' receipt of "legal materials which set forth the [UCC] statute or provide a scholarly legal analysis of the UCC." Policy Directive 05.03.118(HH)(23).

2

to hold an adequate hearing and return the confiscated materials to Plaintiff. (Compl., p. 5 ¶ 4). Officials at IBC responded to Plaintiff's Step III grievance by ordering a rehearing regarding the confiscated UCC materials, which Plaintiff argues entails an admission that Plaintiff's constitutional rights were violated by the first hearing. (Compl., p. 6 ¶ 5). He asserts that pursuant to principles of "principal and agent," all Defendants are imputed with knowledge that his or her co-defendants violated Plaintiff's constitutional rights by enforcing the UCC policy, "shaking down" and confiscating legal materials from Plaintiff, and failing to provide him with a proper hearing the first time. (Compl., p. 6 ¶ 5). Plaintiff finally alleges that Defendants Caruso, Cox, and Drake failed to respond to "stipulations" Plaintiff mailed to them discussing Defendants' "lack of jurisdiction to conspire together in a private commercial transaction." He therefore demands that a judgment be entered against the other Defendants for violating Plaintiff's rights. (Compl., p. 7 ¶ 8, p. 9 ¶ 1).

## II.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

In his extensive objections, Plaintiff objects to nearly every portion of the R&R. The Court has carefully reviewed each and finds most to be frivolous. The Court declines to specifically discuss every minor quibble with the Magistrate Judge's language and characterization of the claims that do not affect the legal disposition. Instead, the Court will

adopt the R&R in its entirety, with the following specific clarifications and responses, as appropriate.

Plaintiff objects to the Magistrate Judge's determination that the State of Michigan is immune from suit. Plaintiff argues that he is suing the Defendants for actions taken "as private corporate entities." Contrary to Plaintiff's representation, the complaint specifically alleges that Defendants acted in their official capacities. Regardless, neither the State of Michigan nor any individual Defendant is a private corporate entity. Further, were the Court to accept Plaintiff's frivolous assertion that every Defendant is a private corporate entity, Plaintiff would fail to state a claim under § 1983 because he would fail to allege state action. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996) (same).

Plaintiff next objects that Eleventh Amendment immunity is applicable only to suits brought in federal court pursuant to state law. Plaintiff's objection is wholly unsupported by the law. Instead, the Supreme Court squarely and repeatedly has held that "the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given . . . ." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). The issue involves the limits of

federal judicial power over the state, not whether the specific substance involves state or federal law. *See* id.

Plaintiff argues that the Magistrate Judge misunderstood his second cause of action, He asserts that the claim is brought against Defendants Caruso and Drake pursuant to MICH. COMP. LAWS § 600.2906, seeking "ministerial entry of the stipulated judgment." Plaintiff's asserted cause of action and objection amount to nothing more than pseudo-legal gibberish. However, even assuming Plaintiff has raised some form of state-law claim, that claim would not overcome the Defendants' immunity in this Court, as fully discussed in the R&R, nor would it entitle Plaintiff to a federal-court hearing on that claim. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (section 1983 does not provide redress for a violation of a state law); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Plaintiff next objects to the Magistrate Judge's determination that Plaintiff's claims against Defendants Stoddard, Hosey and McKee fail because they are based on nothing more than vicarious liability. Plaintiff argues, however, that he has alleged actual conduct by those Defendants and others. Specifically, he alleges the following conduct: (1) Defendant Stoddard failed to respond to his flash kite; (2) Defendant Hosey rejected his Step I grievance, thereby approving the hearing findings made by Defendant English; and (3) McKee rejected his Step II grievance. As the Magistrate Judge held, Plaintiff's allegations are insufficient to support liability under § 1983. Liability under § 1983 must be based on active unconstitutional behavior. *Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*

5

*v. Luttrell*, 199 F.3d 295, 300 ( 6th Cir. 1999). The acts of one's subordinates are not enough to impose liability, nor can supervisory liability be based on the mere failure to act. *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, a defendant may not be held liable under § 1983 merely because he denied a plaintiff's grievance or grievance appeal. *Shehee*, 199 F.3d at 300 (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act). Plaintiff has alleged no more than a failure to act by any of these Defendants.[2]

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's conspiracy claim be dismissed for failure to state a claim. Upon review, the Court agrees with the Magistrate Judge that Plaintiff's allegations are factually insufficient to support his conclusory allegation of conspiracy. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (to state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (same). Moreover, the Court rejects Plaintiff's objection

---

[2] Moreover, Plaintiff's claims against Defendants English, Hosey and McKee therefore also fail because those Defendants, acting as hearings officers, are absolutely immune under the circumstances of this case. The Sixth Circuit has recognized that, because a Michigan hearings officer has adjudicatory functions in the nature of an administrative law judge, a hearings officer is entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, 57 F. App'x 662, 663 (6th Cir. 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357 (6th Cir. 2002) (same).

6

to the Magistrate Judge's determination that Plaintiff failed to allege a racial or other class-based animus sufficient to support the conspiracy claim. Contrary to Plaintiff's objections, prisoners do not constitute such a suspect class. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

Plaintiff next argues that the Magistrate Judge erred in analyzing his claim that Defendants denied him access to the courts. While he acknowledges that the right of access to the courts may be limited by legitimate penological goals, he asserts that other procedures already limit documents while generally permitting possession of legal materials, letters, research materials, and documents needed for litigation. As a consequence, he argues that further limitation on these otherwise permitted documents is a violation of state policy. He further argues that MICH. COMP. LAWS § 800.42(7)(a) permits him to possess such legal materials.

Plaintiff's logic is flawed. The mere existence of a policy permitting a general class of materials does not bar a state from limiting more specific materials within that class which may implicate legitimate penological goals.[3] Moreover, even if Plaintiff had raised a plausible state-law claim, that claim would be properly dismissed where no federal claim is raised. Section 1983 does not provide redress for a violation of a state law. *Pyles*, 60 F.3d

---

[3] In fact, the Court notes that MICH. COMP. LAWS § 800.42 does not grant Plaintiff the specific right to possess any particular property, as it expressly declares that "[t]his section does not allow a prisoner to possess personal property of a type otherwise prohibited by the department of corrections for any reason." MICH. COMP. LAWS § 800.42(5).

at 1215; *Sweeton*, 27 F.3d at 1166.  To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

Plaintiff also argues that the Magistrate Judge incorrectly recommended dismissal of his claim that his first administrative hearing was constitutionally deficient.  As the Magistrate Judge noted, Plaintiff's Step III grievance was sustained and the matter was remanded for a new administrative hearing to be conducted in accordance with MDOC POLICY DIRECTIVE 04.07.112. Accordingly, Plaintiff's procedural due process claim is moot, as he has now been awarded the process he alleges he was denied.  Plaintiff contends, however, that though he ultimately has been granted a hearing, he nonetheless was denied his due process rights, for which he is entitled to damages.

Plaintiff's objection does not withstand scrutiny.  Although Plaintiff's initial hearing did not, for some unspecified reason, fully comport with MDOC policy, the finding in no way suggests that the hearing he received violated due process.  Moreover, the decision on the property confiscation was not final until Plaintiff fully exhausted the administrative grievance process.  In other words, he could not have been deprived of any right forming the basis of a federal claim unless and until that hearing had been denied by the Step III hearing

8

officer. Following the Step III grievance determination, Plaintiff received a new hearing, which he does not contend was constitutionally deficient. He therefore has received all the procedural protections to which he was entitled and his procedural due process claim is moot.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. A judgment consistent with this opinion shall be entered.


Date:    April 30, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE